IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SONTUS HOLMES,

    Plaintiff,

v.                                          No. 15-1253

CITY OF JACKSON, MAYOR JERRY GIST,
individually and in his official capacity,
POLICE CHIEF GILL KENDRICK ,
individually and in his official capacity,
POLICE CHIEF CHRISTOPHER J. WISER,
in his official capacity,
OFFICER CHRISTIAN BOXLEY,
individually and in his official capacity,
jointly and severally,

    Defendants.

_____

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO REMAND TO STATE COURT
AND ORDER OF PARTIAL DISMISSAL
_____

I.

This action arises from a September 23, 2014 incident between Plaintiff, Sontus Holmes, and a Jackson, Tennessee, police officer. The original complaint was filed in the Circuit Court of Madison County, Tennessee, on September 23, 2015, and an amended complaint was filed seven days later. Holmes seeks damages from Christian Boxley, an investigative officer of the Jackson (Tennessee) Police Department; Jerry Gist, City of Jackson Mayor; Gill Kendrick, former Jackson Police Chief; Christopher J. Wiser, current Jackson Police Chief; and the City of Jackson for violations of federal and state law. Specifically, Plaintiff asserts the following: 1) federal civil rights claims, under 42 U.S.C. § 1983 ("§ 1983"), for negligent failure to train, fire,

and discipline; failure to investigate; excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution; violation of state law polices and training in violation of the Fourth Amendment; violation of substantive due process under the Fourteenth Amendment; ratification of unconstitutional, deliberately indifferent policies, practices, customs, and training; deliberate indifference to Plaintiff's rights; and violation of the holding in *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985); 2) Tennessee common law claims of aggravated battery; false arrest; negligence per se; negligence; intentional infliction of emotional distress; and negligent infliction of emotional distress; and 3) violation of Article 1, sections 7 and 8 of the Tennessee Constitution. (Docket Entry ("D.E.") 1-2.) On October 15, 2015, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441. (D.E. 1.) Plaintiff has moved for remand pursuant to section 28 U.S.C. § 1447. (D.E. 6.)

## A. § 1983 GENERALLY

Section 1983 provides a private right of action against any person who subjects "any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). The statute "creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). A plaintiff suing under the statute must demonstrate the denial of a constitutional right caused by a defendant acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## B. FACTS ALLEGED

The following facts were adduced from the pleadings. On September 23, 2014, Boxley, while on duty, arrived at Holmes's house to perform a follow-up investigation. Upon seeing Plaintiff, Defendant checked to determine if he had any active arrest warrants. None existed, but Holmes had pending several civil writs of attachment issued by the juvenile courts of Madison County and Rutherford County, Tennessee, for failure to appear. The officer then got out of his vehicle and called for Plaintiff to approach. Holmes, ignoring the instruction, moved towards his nearby garage. Boxley ran towards Plaintiff with the intention of placing him under arrest. Seeing the officer's action, Holmes walked into his garage and exited though another door. Boxley followed Plaintiff's path and went through the same door into Holmes's back yard. As Plaintiff was in the process of jumping over a fence, Defendant activated his Taser and fired it into Holmes's back. Holmes fell forward and landed on an object, which punctured his eye. Plaintiff was airlifted to a hospital, although he alleged that there was a delay in an ambulance arriving and in being provided medical care. As a result of the incident, Holmes's eyeball was surgically removed.

Plaintiff claims permanent injuries and damages for ongoing medical expenses and a loss of ability to work.

## C. PARTIES' ASSERTIONS

Holmes brings fifteen claims against various defendants, presented in the format below:[1]

---

[1] All claims against the individual Defendants, with the exception of that against Chief Wiser, have been made against them in both their individual and official capacities.

State Law Claims:

| Claim | | Defendant |
|---|---|---|
| 1 | Aggravated Battery | Boxley |
| 2 | False Arrest | Boxley |
| 3 | Negligence Per Se | Boxley |
| 4 | Negligent implementation of policies, procedures, rules and regulations relating to the use of force, including Tasers | City of Jackson, Kendrick |
| 5 | Negligent failure to screen, hire, train, fire, and discipline employees | City of Jackson, Gist, Kendrick |
| 6 | Negligent failure to investigate, discipline, and fire Defendant Boxley | Wiser |
| 7 | Intentional Infliction of Emotional Distress | Boxley |
| 8 | Negligent Infliction of Emotional Distress | Boxley |
| 9 | Violation of Article 1, section 7 of the Tennessee Constitution – warrantless search and seizure without probable cause | Boxley |
| 10 | Violation of Article 1, section 8 of the Tennessee Constitution – violation of due process | Boxley |

§ 1983 Claims:

| | | |
|---|---|---|
| 11 | Violation of the Fourth and Fourteenth Amendment to the United States Constitution – excessive force and seizure | Boxley |
| 12 | Violation of the Fourth and Fourteenth Amendment to the United States Constitution – deliberately indifferent policies, practices, customs, and training | Jackson, Kendrick |
| 13 | Ratification of unconstitutional, deliberately indifferent policies, practices, customs, and training | City of Jackson, Wiser, Kendrick |
| 14 | Deliberate indifference as to Plaintiff's rights | Jackson, Kendrick |
| 15 | Violation of the Fourth and Eighth Amendments under *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985). | Jackson, Kendrick |

Defendants insist: 1) that the motion to remand be denied as to all claims other than those against the City of Jackson because the necessary consultation procedure was not observed;[2] and

---

[2] The Defendants responded to Plaintiff's motion for remand on November 13, 2015. (D.E. 8.) In their response, Defendants averred that Plaintiff's counsel did not consult with Defense counsel before filing the motion—a requirement under Local Rule ("LR") 7.2(a)(1)(B). While the Court acknowledges that all attorneys practicing in this Court are responsible for adherence to the local rules, failure to comply with LR 7.2(a)(1)(B) does not automatically result in denial of the motion.

2) that the Court deny the motion to remand as to the state-law individual capacity claims because the Tennessee Governmental Tort Liability Act's ("GTLA") jurisdictional provisions do not apply to claims against Defendants in their individual capacities.

II.

As a well-accepted principle, "[f]ederal courts are tribunals of limited subject matter jurisdiction." *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, this Court "possess[es] only that power authorized by Constitution and statute," *Kokkonen*, 511 U.S. at 377, and "the party requesting a federal forum . . . bears the burden of establishing federal jurisdiction." *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014).

Cases originating in state court, in some circumstances, can be removed to federal court. 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1446(a) of the same title states that

> [a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (2015).

5

The statutes conferring removal jurisdiction are to be strictly construed and any ambiguity concerning the scope thereof should be resolved in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). A federal district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim presents a federal question is determined by looking to the plaintiff's statement of his own claim." *Lexington-Fayette Urban Cty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004); *see also Kitzmann v. Local 619-M Graphic Commc'ns Conference of Int'l Bhd. of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011) ("Our review of whether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint.").

III.

*A. OFFICIAL CAPACITY § 1983 CLAIMS*

The majority of the counts in Plaintiff's action were brought against the three individual Defendants—Mayor Gist, Former Police Chief Kendrick, and Officer Boxley—in both their individual and official capacities, while one count was brought against Police Chief Wise in his official capacity only. "In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent. An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). As the allegations against Wise, Gist, Kendrick, and Boxley in their official capacities are in effect a suit against the City of Jackson, these claims are DISMISSED as being redundant. *See Cox v. Reagan*, No. 3:06-CV-250, 2009 WL 2579655, at

6

*4 (E.D. Tenn. Aug. 17, 2009) (holding that an official capacity claim against an officer was essentially a suit against the defendant municipality and thus, dismissal of the officer was appropriate).

## B. INDIVIDUAL CAPACITY AND MUNICIPAL § 1983 CLAIMS

The § 1983 claims that remain are those brought against the defendants in their individual capacities and against the City of Jackson. Title 28, section 1343(a)(3) of the United States Code provides as follows:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

The statute is the codified jurisdictional grant allowing the federal courts to review violations of state and federal law by persons acting under color of law. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979). The remaining § 1983 claims are of such a nature, and the motion to remand as to them is accordingly DENIED.

## C. STATE LAW CLAIMS

Plaintiff also includes the Tennessee common law claims of aggravated battery, false arrest, negligence per se, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, as well as Tennessee constitutional violations. State law claims against governmental entities and their employees in their official capacities are governed by the GTLA. *See* Tenn. Code Ann. § 29-20-101; *Tillman v. Decatur Cty.*, No. 15-01068 JDB-egb, 2015 WL 5675843, at *5 (W.D. Tenn. Sept. 25, 2015). These claims would ordinarily confer

supplemental jurisdiction on this Court because they arise out of the same facts and form part of the same case or controversy. *See* 28 U.S.C. § 1367(a) (2015). However, GTLA claims must be brought in "strict compliance" with the terms of the state statute. *See* Tenn. Code Ann. § 29-20-201(c). The GTLA expressly states that Tennessee "circuit courts shall have exclusive original jurisdiction" over claims brought pursuant to its provisions. Tenn. Code Ann. § 29-20-307. A district court may, in its discretion, decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper under § 1367(a). 28 U.S.C. § 1376(c). Moreover, section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The Sixth Circuit has held that "the Tennessee legislature expressed a clear preference that [GTLA] claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance [under § 1367(c)(4)] for declining jurisdiction." *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). Consequently, district courts in Tennessee have regularly declined to exercise supplemental jurisdiction over GTLA claims, and this Court finds no compelling reason to act differently in this case. *See, e.g.*, *Tillman*, 2015 WL 5675843, at *5; *Hill v. Blount Cty. Sch.*, No. 3:14-CV-96-PLR-HBG, 2015 WL 729547, at *6 (E.D. Tenn. Feb. 19, 2015); *Woodward v. City of Gallatin, Tenn.*, No. 3:10-1060, 2013 WL 6092224, at *9-10 (M.D. Tenn. Nov. 19, 2013).

Furthermore, as Plaintiff's GTLA claims should be tried in state court, all of his state law claims should also be consolidated into one proceeding for the sake of judicial economy and convenience. *See Alexander v. Byrd*, No. 14-1022, 2014 WL 5449626, at *10 (W.D. Tenn. Oct.

24, 2014) (declining to exercise supplemental jurisdiction over plaintiff's state law claims because the GTLA claims were to be tried in state court, and all state law claims should be consolidated into one proceeding). Accordingly, this Court declines to exercise supplemental jurisdiction over all of Plaintiffs' GTLA and state law claims, and they are REMANDED.

IV.

For the reasons set forth herein, the motion to remand is GRANTED in part and DENIED in part. The official capacity § 1983 claims are DISMISSED as redundant. The motion to remand the individual and municipal § 1983 claims is DENIED. However, it is GRANTED as to Plaintiff's state law claims, and they are REMANDED to the Circuit Court for Madison County, Tennessee.

IT IS SO ORDERED this 29th day of January 2016.

                                          s/ J. DANIEL BREEN
                                          CHIEF UNITED STATES DISTRICT JUDGE